**In re Joseph A. NORTON and Mary Ileene Norton, Debtors.**

**Joseph A. NORTON and Mary Ileene Norton, Plaintiffs,**

**v.**

**Robert H. CORKLE and Shirley A. Corkle, Defendants.**

**Bankruptcy No. 88–50045–PKE.**
**Adv. No. 88–5007–PKE.**

United States Bankruptcy Court,
D. South Dakota.

July 27, 1988.

Thomas C. Dodd, Belle Fourche, S.D., for plaintiffs.

Pamela K. Putnam, Hot Springs, S.D., for defendants.

## ORDER DETERMINING PROCEEDING TO BE NON–CORE MATTER AND REQUIRING AMENDMENTS OF THE PLEADINGS

PEDER K. ECKER, Bankruptcy Judge.

This matter is before the Court on the plaintiff-debtors' complaint to determine the ownership of a 1972 Astra Guerdon mobile home, Serial Number 1756. In their prayer for relief, the plaintiffs requested that the Court declare the ownership interest of the defendants in the home null and not enforceable, and declare the plaintiffs the true and proper owners of the home. They also asked that the Court order the defendants to sign and deliver the certificate of title for the home to the plaintiffs.

The defendants answered and alleged that the matter was res judicata and failed to state a claim upon which relief could be granted. In addition, the defendants counterclaimed for the return and recovery of the home, for damages or rent during the plaintiffs' occupancy, and for attorney's fees and costs.

The plaintiffs answered the counterclaim by a general denial and claimed a homestead in the mobile home. They requested dismissal of the counterclaim and delivery of the certificate of title. Both parties subsequently filed motions for summary judgment.

On June 20, 1988, in Rapid City, South Dakota, this Court denied both motions for summary judgment and proceeded with a trial in the matter. The Court heard the testimony of the parties and received other

evidence. At the end of the trial, the Court took the matter under advisement and requested briefs from the parties. All briefs have been received and the Court is ready to make a decision on the merits of the case.

Before the Court can proceed to a determination of this case on the merits, however, it must determine whether the proceeding is core or non-core. The bankruptcy court, on its motion or on a motion of a party, must determine whether a proceeding is a core proceeding or is a proceeding "otherwise related" to a case under Title 11. 28 U.S.C. § 157(b)(3). This determination is crucial because the bankruptcy judge may exercise full judicial power over only those controversies that are at the core of the federal bankruptcy power. *See Matter of Wood*, 825 F.2d 90, 96 (5th Cir. 1987), *quoting Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 71, 102 S.Ct. 2858, 2871, 73 L.Ed.2d 598 (1982). On the other hand, a bankruptcy judge has limited power to hear "otherwise related" proceedings, which are those controversies based on state-created private rights and that do not depend on the federal bankruptcy laws for their existence. *See Wood*, 825 F.2d at 95–96, *quoting Marathon*, 458 U.S. at 71, 102 S.Ct. at 2871–72. These "otherwise related" matters could proceed in another court in the absence of bankruptcy. *See Wood*, 825 F.2d at 96, *citing Marathon*, 458 U.S. at 72 n. 26, 102 S.Ct. at 2872 n. 26.

The Court concludes that this adversary proceeding is a non-core matter. The plaintiffs' request for a declaratory judgment of the parties' ownership interests arises solely under state substantive law. The action could have been brought in state court. It is only before the Bankruptcy Court now because one of the parties is a debtor in bankruptcy. For these same reasons, the defendants' counterclaim for the return of the mobile home and damages or rent is a non-core matter.

The complaint mistakenly characterized this adversary as a core proceeding. The answer incorrectly admitted this allegation. The counterclaim and the plaintiffs' reply to the counterclaim made no jurisdictional allegations. None of the pleadings contained a statement concerning the parties' consent to the entry of a final order or judgment by the bankruptcy judge. Pursuant to the new Supreme Court Bankruptcy Rules, effective August 1, 1987, an adversarial complaint or counterclaim shall contain a statement that the proceeding is core or non-core and, if non-core, that the pleader does or does not consent to entry of final orders or judgment by the bankruptcy judge. Bankr.R.P. 7008(a). Responsive pleadings must admit or deny the allegation that the proceeding is core or non-core. Bankr.R.P. 7012(b). If the response is that the proceeding is non-core, it shall include a statement that the party does or does not consent to entry of final orders or judgment by the bankruptcy judge. *Id.* In non-core proceedings, final orders and judgments must not be entered on the bankruptcy judge's order except with the *express* consent of the parties. *Id.* (emphasis added). In the matter at issue, the pleadings either have incorrectly characterized the placement of jurisdiction or have failed to characterize the jurisdiction at all, and have failed to include the required statement concerning consent to entry of a final order or judgment.

Based on this Court's determination that the pleadings are defective and do not comply with the Bankruptcy Rules, it is hereby

1. ORDERED that the plaintiff-debtors will amend their complaint to strike the allegation that the proceeding is a core proceeding and shall further amend the complaint to state whether they consent, or do not consent, to entry of a final order or judgment by the bankruptcy judge; that this amendment shall be accomplished within ten (10) days of entry of this order;

2. ORDERED that the plaintiff-debtors will amend their reply to the counterclaim to add an allegation that the proceeding is a non-core proceeding and shall further amend their reply to state whether they consent, or do not consent, to entry of a final order or judgment by the bankruptcy judge; this amendment shall be accom-

plished within ten (10) days of entry of this order;

3. ORDERED that the defendants will amend their answer to strike the admission that the proceeding is a core proceeding and shall further amend their answer to state whether they consent, or do not consent, to entry of a final order or judgment by the bankruptcy judge; this amendment shall be accomplished within ten (10) days of entry of this order;

4. ORDERED that the defendants will amend their counterclaim to state that the proceeding is a non-core matter and shall further amend their counterclaim to state whether they consent, or do not consent, to entry of a final order or judgment by the bankruptcy judge; this amendment shall be accomplished within ten (10) days of entry of this order; and

5. ORDERED that if both parties consent to the entry of a final order or judgment by the bankruptcy judge, then this Court will enter such a final order or judgment; if either party does not consent to entry of a final order or judgment by the bankruptcy judge, then this Court will follow the procedure as outlined in Bankr.R.P. 9033.